## Case No. 4,266.

ECKERT v. BAUERT et al.

[4 Wash. C. C. 370.] [1]

Circuit Court, E. D. Pennsylvania. April Term, 1823.

WASHINGTON, Circuit Justice. This court has never, to my recollection, made this order, except in injunction cases, to stay proceedings on a judgment at law, and in cross suits, where the plaintiff at law in the first, and the plaintiff in equity in the second case, resides beyond the jurisdiction of the court. In the case of Hitner v. Suckley [Case No. 6,543], decided in this court at the April term 1810, a motion was made that the service of a subpoena upon an injunction bill to stay waste, upon the attorney of the defendant, in an action of law depending in this court against the plaintiff in equity, for slandering his title to the land, which formed the subject of the bill, should be considered as good service. The court then laid down the general rule as to injunction cases to stay proceedings on a judgment of law; but denied the motion in that case; being of opinion that the attorney of the defendant at law, could not be considered as representing him in equity, and that the subjects in controversy in the two suits were totally unconnected. I understand the practice of this court to conform to that of the English court of chancery. Motion overruled.

## Case No. 4,267.

ECKLE et al. v. FITZGERALD.

[4 Cranch, C. C. 90.] [1]

Circuit Court, District of Columbia. May Term, 1830.

THE COURT (THRUSTON, Circuit Judge, absent) was of opinion that the allegations were sufficient.

Verdict. Guilty.

THE COURT made the same order as in Plumsell's Case [Case No. 8,693], at this term.