COPELAND v. SECURITY INS. CO. See Case No. 3,210.

COPELIN (DORRIS v.). See Case No. 4,011.

---

## Case No. 3,211.

### COPEN v. FLESHER et al.

[1 Bond, 440.][1]

Circuit Court, S. D. Ohio. June Term, 1861.

STALE CLAIMS IN EQUITY — PLEADING — MULTIFARIOUSNESS—AMENDMENT.

1. A demurrer to a bill in equity will be sustained on the ground of the staleness of the claim of title set up to land, when it appears by the averments of the bill that the complainants have slept upon their rights from the year 1810 until the year 1859.

2. Where such complainants file an amended bill, alleging that for a long time after their rights accrued they were minors residing in different parts of the state of Virginia, and had no knowledge of their rights nor the location

[1] [Reported by Lewis H. Bond, Esq., and here reprinted by permission.]

of the land until about the year 1841, and were unable until some time after that year to take any steps in the assertion of their rights, such allegations are sufficient to relieve the claim of title of staleness, and to put the complainants on proof of their allegations in that regard.

3. A bill in equity praying that the equitable title to land may be adjudged to be in the complainant, and that he is entitled to a patent, and also that a certain person may be made a defendant to the bill and may be compelled to disclose the nature of his claim to the land, and by what authority he is in possession, and to account for rents and profits, is liable to the objection of multifariousness in seeking to obtain two distinct objects by the same decree.

4. In chancery no material fact which has accrued since filing the original bill can be introduced in an amended bill, and a party can only avail himself of such fact by filing a supplemental bill.

5. Where such new matter is introduced in an amended bill, it is a cause of demurrer.

[This was a bill in equity by Joshua Copen against Solomon Flesher and others.]

Henry Stanbery and Mr. French, for complainant.

J. B. Stallo and Mr. McCook, for defendants.

OPINION OF THE COURT. The original bill in chancery, filed by the complainant in this case, averred in substance, that he is a citizen of the state of Virginia, and one of the heirs of John Copen, deceased; that on September 20, 1806, a warrant, numbered 5,114, issued from the land-office, at Richmond, to the representatives of said John Copen, in consideration of his services in the Virginia continental line, for two hundred acres of land in the Virginia military land district in the state of Ohio; that after the death of said John Copen, the said warrant was assigned by some person, assuming to act as the administrator of said Copen, to one Henry Flesher, who, in the year 1810, caused said warrant to be located in his name as assignee; and a survey was made and duly returned to the land-office at Chillicothe, numbered 5,190; that the assignment to said Flesher was a nullity, and there never was an administrator of the said John Copen, and the said assignment was wholly without consideration; that said Flesher, not being able to obtain a patent for said land, long since abandoned all claim thereto; and that the warrant, while in his possession, was destroyed by fire. A copy of this warrant, obtained from the records of the land-office at Richmond, is offered as an exhibit in the bill. The bill also avers, that John Copen left several heirs besides the complainant, and that they have released to him all their rights under said warrant, and that he is now the sole owner thereof; also, that said Henry Flesher died leaving several heirs, all of whom are non-residents of the state of Ohio, who are made defendants, and are required to answer the allegations of the bill under oath, and disclose their interest under said warrant. Service has been made on one only of the

heirs of Henry Flesher, namely, Solomon Flesher, who has appeared and filed his answer, admitting substantially all the allegations of the bill, and disclaiming any interest under the said warrant. The bill prays for a decree, adjudging the equitable interest in the land located and surveyed under said warrant to be in the complainant, and that he is entitled to a patent therefor from the United States. After the filing of the bill, upon application to the court for that purpose, and on sufficient cause shown, one Edward Fitzgerald, claiming title to the land, was permitted to be made a defendant; and by consent of the complainant's counsel, he filed a demurrer to the bill, which was sustained by the court on the ground of the staleness of the claim of title set up by the complainant, and the absence of any sufficient reason for the great delay which had occurred in asserting the rights of the heirs of said John Copen to the land in controversy. But for the purpose of affording the complainant an opportunity of setting forth the reasons for this delay, the complainant was allowed to amend his bill. And he has filed an amended bill, to which the said Fitzgerald has interposed a demurrer, in support of which it is urged, first, that there is nothing in the amended bill accounting for the great lapse of time which has occurred, and that this objection lies to the amended bill with the same force as to the original bill; secondly, that the amended bill is multifarious, in that it charges the said Fitzgerald with having obtained, and continued in possession of the land covered by said warrant, by deceptive and fraudulent means, and asks a decree setting aside his claim and decreeing the title in the complainant; third, that in the amended bill the complainant alleges that the quitclaim or release from the other heirs of John Copen to the complainant, set up and relied upon by him in the original bill as proof of his title, is invalid and void, and that after the commencement of this suit, namely, in June, 1860, he obtained from said heirs a sufficient and valid quitclaim or release from said heirs, vesting in him a perfect equitable title to the land in controversy.

As to the first objection urged to the amended bill, that nothing is averred in it which relieves the claim of the complainant from the charge of staleness, a remark or two will suffice. That the demurrer to the original bill was properly sustained on this ground, I can see no reason to doubt. It appeared, from the averments of the bill, that the heirs of Copen had slept upon their rights from the death of their ancestor, which occurred prior to the year 1810, until the commencement of this suit in the year 1859. Unexplained, this lapse of time would be fatal in a court of equity to the claim of the complainant, and being apparent on the face of the bill, was a sufficient ground for sustaining the demurrer. But the amended bill avers, that for a long time after the issuing of said warrant, and after the assignment to Henry Flesher, the heirs of John Copen, the warrantee, were minors, residing in different parts of the state of Virginia, and had no knowledge of their rights until about the year 1841, and were not apprised until about that time of the location of the land on which said warrant was placed, and were unable, until some time after that year, to take steps in the assertion of their rights. While it must be admitted that the facts stated in explanation of the delay, are somewhat vague and unsatisfactory, they are sufficient to relieve the amended bill from the objection taken to the original bill on the ground of staleness, and to put the complainant on proof of his allegations in that regard. But I do not see how the objection that the amended bill is substantially liable to the charge of multifariousness, can be ignored as a cause of demurrer. As has been before noticed, the original bill prayed merely that the equitable title to the land might be adjudged to be in the complainant, and that he is entitled to a patent. The amended bill contains substantially the same prayer. But, in addition to this, the complainant prays that the said Fitzgerald may be made a party defendant to the bill, and may be compelled to disclose the nature of his claim to the land, and by what authority he is in possession. It is also charged that his possession is unlawful, and without any claim of right, and that he has by fraudulent and deceptive means retained possession for a long time, and by such means has prevented the complainant from sooner attempting to enforce his claim. And it is moreover assumed, that the possession of the said Fitzgerald is to be viewed as a possession for the rightful owners of said land, and that, as their trustee, he is accountable for the rents and profits during the time he has used and occupied it.

There would seem to be no reason to doubt, that the amended bill is liable to the objection of multifariousness. It seeks to attain two distinct objects by the same decree. In one aspect, it is simply a bill asking the court to decree, that the complainant has the equitable title to the land in question, and is entitled to a patent therefor from the government. In this aspect, it is in the nature of a preliminary proceeding, designed to afford a basis for the favorable action of the government. Its object is in this way to vest in the complainant the legal title to the land on which the warrant was laid. In the other aspect, the amended bill asks for an investigation of the claim of title, which the complainant anticipates will be set up by Fitzgerald; and if his claim shall be adjudged untenable or void, that he shall be held to account for rents and profits. It is very plain that these two objects are wholly distinct in their character, and necessarily involve

separate and independent inquiries. This constitutes multifariousness in a bill in equity. Judge Story in his Commentary on Equity Pleading (page 244), says, "By multifariousness, in a bill, is meant the improperly joining in one bill distinct and independent matters, and thereby confounding them; as for example, the uniting in one bill of several matters, perfectly distinct and unconnected against one defendant, or the demand of several matters of a distinct and independent nature against several defendants, in the same bill." The bill to which the demurrer is filed in this case, comes clearly within this definition. This is apparent from the statement alone of the double aspect of the bill.

It is urged, however, that Fitzgerald has been admitted to come into this case as a defendant, at his own request, and by leave of the court, and can not, therefore, object to the structure of the amended bill, on the ground that the matter charged against him is distinct from that set up against the other defendants, the heirs of Flesher. Whether Fitzgerald was properly admitted as a defendant in this case is not now in question. The court, no doubt, in granting the leave to make him a defendant, acted on the supposition that he had an interest in the title to this land, which rendered it proper he should be permitted to file an answer to the allegations of the bill. In making his answer, he would of course be restricted to matters that were responsive to the bill, and could not introduce anything foreign to it, or which would lead to a mere collateral investigation. If, instead of demurring to the original bill, he had filed his answer, I suppose he would have been limited in his response to the facts alleged, and could not by introducing foreign matter, have presented an issue wholly distinct from that presented in the original bill. It would follow that the mere fact that he had been allowed by the court to stand as a defendant, would not permit the complainant, in his amended bill to introduce matters which, under other circumstances, would have been clearly multifarious in their nature.

The amended bill, therefore, for the reason indicated, is objectionable, and the demurrer must be sustained. Not only is this conclusion justified by the well-settled rules of chancery practice, but clearly does not violate the rights or equities of the complainant. If he is successful in obtaining a decree in accordance with the object of the original bill, which will result in vesting in him the legal title to the land, the way will be open for proceeding against Fitzgerald to test the validity of his title and possession, and to obtain such equitable or legal relief, as the facts may justify. On the other hand, if he fails in establishing his own title, it is clear he can have no claim against Fitzgerald, and there will be no ground of

controversy as between these parties. In either event, it is most obvious that the claim first set up by the complainant must be disposed of before there can be any litigation between him and Fitzgerald.

The third ground of demurrer to the amended bill is also tenable. It is, that in the amended bill, the complainant sets up a title to the land, acquired since the commencement of this suit. This has been already referred to. In the original bill the complainant asserts a release or quitclaim from the other heirs of John Copen, which he repudiates in the amended bill, and relies on a conveyance or quitclaim from them, executed in June, 1860, which was long after this suit was brought. The law seems well settled, that in chancery no material fact which has occurred since filing the original bill can be introduced in an amended bill. The party can only avail himself of such fact by filing a supplemental bill. And when such new matter is introduced in an amended bill, it is a cause of demurrer.

For the reasons indicated, I feel bound to sustain the demurrer to the amended bill.