### GREGORY v. PIKE and others.

*(Circuit Court, D. Massachusetts. December 17, 1886.)*

1. EQUITY—CROSS-BILL—NECESSARY TO COMPLETE DECREE.

    Plaintiff, by his bill in equity, claimed to be the equitable owner of certain notes in the possession of defendant P., and asked that P. be compelled to deliver the notes to him, and that defendant S., the maker, be restrained from making payment thereon to any one but plaintiff. Defendant S., in his answer, averred that V. had an interest in the notes, and asked that V. be made a co-defendant, which was granted. V. appeared and answered, setting up his interest. He asked leave to file a cross-bill, in order that the court might make a complete decree. *Held*, that he should have leave to file his cross-bill, as, since the plaintiff sought to restrain defendant S. from making payment to any one but himself, that was the only way in which defendant V. can obtain full relief.

2. SAME—SERVICE.

    A cross-bill being auxiliary to the original bill, service may be had on the attorney of record, and it is no objection to it that the party is out of the jurisdiction of the court.

In Equity.

*F. A. Brooks*, for complainant.

*F. H. Talbot*, for defendant Pike.

*Gray & Swift*, for defendant Swift.

*W. F. Wharton*, for Kemp Van Ee.

COLT, J. Under the rules of equity pleading, I have no doubt of the right of Kemp Van Ee to file a cross-bill in the case. In the original bill Gregory claims to be the equitable owner of the notes in controversy, and he prays that defendant Pike may be compelled to surrender the notes, and deliver them to him, and that defendant Swift, the maker,

may be restrained from dealing with any other person than the plaintiff, as the lawful owner of the notes, and from making payment of the same, or any part thereof, except to the plaintiff. Upon this bill it was proper for the defendant Swift, the maker of the notes, in his answer, to ask that J. C. Kemp Van Ee and George W. Butterfield, who claimed an interest in these notes, should also be made parties before any decree should be entered binding him, and the court properly directed that they be made parties defendant. Kemp Van Ee thereupon appears and answers, setting out his claim to one-half of one of the notes in controversy. As he cannot obtain full relief as a co-defendant, he now asks leave to file a cross-bill, in order that a complete decree may be obtained, and to bring the whole question in controversy before the court.

It is strongly urged by the plaintiff that Kemp Van Ee has no interest in the subject-matter of the original suit, and that, therefore, he has no right to file a cross-bill. The controversy, it is said, is between Gregory and Pike for the possession of certain notes, with which controversy Kemp Van Ee has no concern. It is manifest, however, that a decree in favor of Gregory, which would transfer to him possession of these notes under claim of ownership, and which enjoins Swift, the maker, from making payment of the same, or any part thereof, except to him, would necessarily affect the interests of Kemp Van Ee. Suppose Gregory, on obtaining possession, should transfer these notes to other parties, or should collect them of Swift. If Gregory should obtain possession of these notes, it would be necessary for Kemp Van Ee to bring suit against Gregory, seeking to enjoin any transfer or disposition of the notes until his interests were passed upon. Under these circumstances, it is the clear duty of the court to permit this cross-bill to be filed to settle, as far as possible, the whole controversy, by making a complete decree. The plaintiff might possibly have framed his bill so as to have confined the controversy to himself and defendant Pike, but Kemp Van Ee having been made a party defendant, and his alleged interest appearing to the court in his answer, it would be manifestly irregular to dismiss him from the case, or to deny him the right to file a cross-bill, and so obtain full relief. A cross-bill is brought by a defendant in a suit against the plaintiff in the same suit, or against other defendants in the same suit, or against both, touching the matters in question in the original bill. *Ayres* v. *Carver*, 17 How. 591; 2 Daniell, Ch. Pr. (4th Ed.) 1548; Story, Eq. Pl. § 389; 1 Hoff. Ch. Pr. 345. It may be brought (1) to enable the defendant to support his own case by a discovery from the plaintiff; or (2) where it is too late to use the same defense by way of plea or answer,—as after a replication and issue joined; or (3) to obtain relief against the plaintiff in the original cause; or (4) to settle conflicting claims between co-defendants which it is found necessary to adjust before a complete decree can be made upon the subject-matter of the original suit, and the rights of the parties therein. 1 Hoff. Ch. Pr. 345. Cross-bills may generally be considered as a defense, or as a proceeding to procure a complete determination of a matter already in litigation. Daniell, Ch. Pl. & Pr. (4th Ed.) 1549.

This cross-bill is, in effect, a defense to the original bill. It seeks, as against Gregory, the plaintiff, to establish an equitable claim to one-half of one of the notes mentioned in the bill, and it also seeks to settle the conflicting claims between co-defendants, which, of itself, is a good ground for filing such bill. Story says:

"It also frequently happens, and particularly if any question arises between two defendants to a bill, that the court cannot make a complete decree without a cross-bill to bring every matter in dispute completely before the court." Eq. Pl. § 392.

The case of *Weaver* v. *Alter*, 3 Woods, 152, is cited by counsel to the point that a cross-bill only designed to settle the controversy between co-defendants is irregular. The doctrine of *Weaver* v. *Alter* is that, unless the settlement is necessary to a complete decree upon the case made by the original bill, a controversy between co-defendants to a bill in equity cannot form the subject-matter of a cross-bill. In that case the subject-matter brought forward in the cross-bill was entirely independent and distinct from the subject-matter of the original bill, which is not the case here. Nor do I think the cross-bill is irregular in joining Butterfield as a party defendant, or in the relief it seeks against Swift. Butterfield was ordered to be made a party defendant in the original suit, and may still appear, while the relief asked for against Swift is proper to a determination of the whole controversy. So far as the jurisdiction of the court has attached to the controversy and the parties, it is co-extensive with all the equities of the cause.

The objection that a cross-bill will not lie because the defendant Pike is not within the jurisdiction of the court is untenable, because in the United States courts, where a cross-bill, which is auxiliary to the original bill, is filed, substituted service may be had upon the attorney of record. *Eckert* v. *Bauert*, 4 Wash. C. C. 370; *Ward* v. *Sebring*, Id. 472; *Lowenstein* v. *Glidewell*, 5 Dill. 325.