[No. 1075, March 2, 1906.]

THE UNITED STATES OF AMERICA, Appellee, v. THE RIO GRANDE DAM AND IRRIGATION CO., et al., Appellant.

SYLLABUS.

1    PLEADING— SUPPLEMENTAL    COMPLAINT— LEAVE OF COURT—HEARING OF APPLICATION—NOTICE.

Under Code of Civ. Proc. Sec. 104, as amended by Laws 1901, p. 29, C. 11, providing that "any hearing * * * unless trial by jury is necessary, may be had in any case out of regular term time upon five days' notice in writing to the opposite party or his attorney or solicitor; * * * such hear-

ing may be had during the term of court at any time in the discretion of the court." Where a supplemental complaint was filed in term time and on the same day that it was served on defendant's counsel, no notice of hearing the application for leave to file was necessary.

(Ed. Note.—For cases in point, see Vol. 39, Cent. Dig. Pleading, Sec. 833.)

2. SAME—DISCRETION OF COURT.

The granting of leave to file a supplemental complaint is within the discretion of the federal courts.

(Ed. Note.—For cases in point see Vol. 39, Cent. Dig. Pleading, Sec. 833.)

3. SAME—SUPPLEMENTAL COMPLAINT—DIFFERENT RELIEF.

Code Civ. Proc. Sec. 87, provides that a party may be allowed on motion to make a supplemental complaint, answer or reply, alleging facts material to the cause, or praying for any other or different relief. Section 89 provides that in every complaint, answer, or reply, amendatory or supplemental, the party shall set forth in one entire pleading all matters which may be necessary to the determination of the action. Section 33 provides for the blending of legal and equitable remedies and defenses in one action. Held, that these sections allow the allegation in a supplemental complaint of such facts as authorize the granting of other and different relief than that sought by the original complaint.

(Ed. Note.—For cases in point, see Vol. 39, Cent. Dig. Pleading, Sec. 839.)

4. APPEAL—PROCEEDINGS IN LOWER COURT—ISSUES NOT DETERMINED.

Where there had never been a trial upon the merits of the original cause of action, such matter will still be before the lower court upon the remanding of the cause, and where matter is set up in a supplemental complaint after the remand, the mandate could not refer to issues thus raised for the first time, so as to prohibit their consideration.

5. PLEADING—SUPPLEMENTAL COMPLAINT—CONSIS-TENCY WITH FORMER PLEADING.

The original complaint alleged that defendant threatened and was about to construct numerous dams, reservoirs,

canals and ditches for the purpose of accumulating the waters of the Rio Grande to be used in irrigating; that such construction would check the flow of the waters of such stream and interfere with the navigability thereof; that said acts were in violation of certain acts of Congress—and prayed for an injunction. The amended complaint was, in the main, identical with the original, except in that it made another corporation a defendant and contained allegations to the effect that the latter company was an English corporation organized as an adjunct and agent of the former company, and that the former had entered into a contract to convey all its rights in such system to the latter company. The prayer for the injunction was the same, but against both corporations. An alternative writ of injunction having issued, defendant filed pleas and answers alleging compliance with the acts of Congress authorizing the construction of such irrigating system.

The supplemental complaint contained a detailed statement of all the proceedings, and alleged that defendant had forfeited its right by failure to complete the work within the time limited by the act referred to in defendant's answer, and prayed for the forfeiture of defendant's right to construct its irrigation system and also for an injunction. Held, that such supplemental complaint did not set up a case of action irreconcilable and inconsistent with the amended complaint.

6. SAME—INDEPENDENT CAUSE OF ACTION.

In an action to restrain the diversion of the waters of a navigable river, the plea of defendant relied upon act of Congress granting it the right to divert such waters. The supplemental complaint alleged that since the commencement of the action defendant had forfeited its rights granted by such act by reason of its failure to comply therewith during the time limited by the act, and prayed that defendant's rights under such act be forfeited. Held, that the supplemental complaint was not objectional as setting up an independent cause of action.

7. SAME—OFFICE OF SUPPLEMENTAL COMPLAINT.

A supplemental complaint is the proper method of bringing before the court a cause of action relating to the same

United States v. Irrigation Co.

matter which did not exist at the time the suit was brought.

(Ed. Note.—For cases in point, see Vol. 39, Cent. Dig. Pleading, Sec. 832.)

8. APPEAL—MANDATE TO LOWER COURT—JURISDICTION AFTER REMAND.

Where the lower court had jurisdiction both of the parties and the subject-matter, it did not lose either by the remanding of the cause by the Supreme Court on appeal.

9. PROCESS—NECESSITY AFTER FILING SUPPLEMENTAL COMPLAINT.

The filing of a supplemental complaint which in no sense states a new cause of action does not require service of a new process on defendant, where the supplemental pleading is filed in open court and a copy served on one of the defendant's attorneys of record.

(Ed. Note.—For cases in point, see Vol. 40, Cent. Dig. Process, Sec. 5.)

10. JUDGMENT—CORRECTION OF CLERICAL MISTAKE.

Where a clerical mistake made in a decree, in that the date of an act of Congress was given as 1901, when it should have been 1891, as alleged in the pleadings, the court had authority to correct such mistake at the next regular term by modifying and re-entering the decree in full.

(Ed. Note.—For cases in point, see Vol. 30, Cent. Dig. Judgment, Sec. 598.)

11. SAME—JUDGMENT FOR WANT OF ANSWER.

Where defendant failed to answer a supplemental complaint within 20 days from the date of filing, as required by the statute, and failed to secure the additional time to plead, it was proper for the court to render a decree for want of an answer.

12. SAME—MOTION TO SET ASIDE JUDGMENT—TIME.

Under Code Civ. Proc. Sec. 134, which provides that a motion to set aside a judgment rendered out of term time will not be entertained unless the same is filed and a copy served on the opposite party within 10 days after such judgment was rendered, and Section 137, which provides that judgments may be set aside for irregularity on motion filed

within one year, where there was no irregularity in the rendition of the judgment, it could not be set aside on motion filed more than ten days after rendition and notice thereof.

13. SAME—NEGLIGENCE OF ATTORNEY AS EXCUSE FOR DEFAULT.

Where a judgment has been rendered against a defendant for want of an answer, he cannot plead the negligence of his attorneys as ground for a motion to set aside the judgment.

(Ed. Note.—For cases in point, see Vol. 30, Cent. Dig. Judgment, Sec. 284.)

14. —NAVIGABLE WATERS—DIVERSION—FORFEITURE OF RIGHT.

Where an act of Congress giving an irrigation company the right to divert the waters of a navigable river provided that, if the canal or ditch should not be completed within five years, the rights granted should be forfeited, a forfeiture was properly declared where more than five years elapsed after the dissolution of an injunction originally granted restraining the company from proceeding to construct its systems, where the work was still incomplete.

Appeal from the Third Judicial District court, before FRANK W. PARKER, Associate Justice. Affirmed.

KLOCK & OWEN, for appellants.

A court of equity will not allow the complainant by a supplemental bill to reconstruct entirely the case made by his original bill, by the introduction of an additional case, but the new facts alleged in the supplemental bill, must be such merely as go to support and strengthen the allegations of the original bill.

Story's Equity Pleading, Secs. 332, 336, 339, 616; Higginson v. Chicago R. R. Co., 102 Fed. 197; Electrical Accumulator Co. v. Brush El. Co. 44 Fed. 602; Tubman v. Wasson Mfg. Co. 44 Fed. 429; Maynard v. Green, 30 Fed. 643; Snead v. Coual et al., 53 U. S. 407; Wadden, et al., v. Broadley, et al., 14 Peters, 156; Swedish American Natl. Bank v. Dickinson Co. 6 N. Dakota, 222; Jaques v. Hall, 3 Gray. 194;

United States v. Irrigation Co.

Winn v. Albert, 2 Md. Chan. 42; Edgar v. Clevinger, 3 N. J. Eq. 285.

Neither can the plaintiff bring into the case by supplemental pleading, new facts constituting a distinct cause of action which has arisen since the suit was instituted.

Milner v. Milner, 2 Edwards Chan. (N. Y.) 114; Putney v. Whitmyer, 6 Fed. 338; Bernard v. Toplitz, 169 Mass. 162; Fahs v. Roberts, 54 Ill. 195; Patent v. Stewart, 24 Ind. 332; Ortin v. Nooman, 29 Wis. 547; Story's Eq. Pl. Sec. 339; Eastman v. St. Anthony Power Co., 17 Minn. 48; Prouty v. Lake Shore Ry. Co., 85 N. Y. 272-275; Buchanan v. Comstock, 57 Barber (N. Y.) 583; Cowan v. Husson, 67 How. Pr. (N. Y.) 461-2; Watson v. Thibough, 17 Abbott's Pr. N. Y. 184; Gleason v. Gleason, 54 Cal. 135-174; Bull v. Rothchilds, 16 N. Y. Civ. Proc. 356; Tiffany v. Bowerman, 2 Hun. (N. Y.) 643-646; Barnes v. Gibb, 31 N. J. L. 86; Hill v. Den., 121 Cal. 42; Dillman v. Dillman, 90 Ind. 327; Whittenbrock v. Bellman, 5 Cal. 12; Barker v. Priser, 150 Ind. 4; Chapman v. Jones, 149 Ind. 434; Smith v. Smith, 22 Kas. 699; Myer v. Berlandy, 39 Minn. 438.

Notice of application for leave to file the supplemental bill was necessary.

Equity Rule 57, p. 710, Desty. Seventh Edition.

A supplemental bill should not be allowed where it makes a case in utter and irreconcilable conflict with the grounds on which the original bill was based.

Beach Modern Eq. Prac. Vol. 1, Sec. 497, p. 514; Maynard v. Green, 30 Fed. 643; Leonard v. Cook, 21 N. J. Ch. 47; Story's Eq. Pl. 10 Ed. Sec. 339; Ryland v. Satouche, 2 Bligh. 526; Pilkington v. Wigaul, 2 Mad. 240; Bannon v. Conigey's 69 Md. 411.

A supplemental bill never does away with the original bill.

> Tilton v. Bucher, 59 N. Y. 176; Bronson v. Schulten, 104 U. S. 411-415.

If the obligee himself be the cause that the obligation cannot be performed, there is no forfeiture, for it is his own act.

> Vin. Abr. Title Condition, N. C. C. 23; Bac. Abr. Title Condition O, 3; Pultney v. Warren, 6 Ses. 72; Anon 1 Vern. 74 2 Atk. 615; 184 U. S. p. 416.

WILLIAM B. CHILDERS, for appellee.

The circuit court may consider and decide any matters left open by the mandate of this court, and its decision of such matters can be renewed by a new appeal only.

> In re Sanford Tool Company, 160 U. S. 255; Hinckley v. Morton, 103 U. S. 764; Mason v. Pewabic Mining Co. 153 U. S. 361; Sibbald v. U. S. 12 Peters, 488; West v. Brashear, 14 Pet. 51; Supervisors v. Kennicott, 94 U. S. 496; Ganes v. Rugg. 148 U. S. 228-238-244.

The order for leave to file the supplemental bill was granted, and the bill itself was filed during the regular term of court, the court being open for the transaction of business regularly during the term, such hearing may be had at any time during the term in the discretion of the court.

> Gardner v. Cling, 2 Ohio, Dec. 301; Williams & Co. v. Miller & Co.; 1 Wash. Terr. 88; Younger v. Broxson, 23 Ala. 684; Saunders v. Savage, 63 S. W. 218, 8 Am. & Eng. Ency. (2nd Ed.) 36 Note 3; Berliner Gramophone Co. v. Scamon, 113 Fed. 750.

The court properly allowed the filing of the supplemental bill in this case.

> Jenkins v. International Bank, 127 U. S. 488.

A supplemental bill is filed on leave, and for matter

happening after the filing of the bill, and is designed to supply some defect in the structure of the original bill.

Kennedy v. Bank, 8 How. 610; Parkhurst v. Kingsman, 2 Blach. 72; Fed. Cases No. 10758; Copen v. Flesher, 1 Bond, 440, Fed. Cases No. 3211, N. Y. Security and Trust Co. v. Lincoln St. Ry, Co. 74 Fed. 67; Hazleton Tripod Boiler Co. v. Citizens St. Ry. Co. 72 Fed. 325; Cedar Valley Land and Cattle Co. v. Coburn, 29 Fed. 587; Swatzel v. Arnold, 1 Woolw. 385; Fed. Cases No. 13682; Candler v. Pettit. 19 Am. Dec. 399 and Note; Fisher v. Holden, 84 Mich. 494; Seymour v. Long, 17 N. J. Eq. 169; Edgar v. Eleberger, 3 N. J. Eq. 258; Sanford v. Frost, 22 Mass. 275.

Courts are liberal in allowing supplemental bills to be filed in the first instance.

Oregon & T. Co. v. Northern Pacific R. Co. 32 Fed. 428; McIntosh v. Flint, 34 Fed. 582.

There is no contradiction whatever between the supplemental bill and the original bill.

2 Daniels Ch. Plead. and Notes, p. 1444; Swedish Am. Nat. Bank v. Dickinson, 49 L. R. A. 285.

Neglect of attorneys, if any, is not available as a defense in this suit.

3 Am. and Eng. Ency. of Law, (2nd Ed.) p. 320, 323, 324; Putnam v. Day, 22 Wall. 64; Terry v. Commercial Bank, 92 U. S. 454.

No subpoena was necessary.

Shaw v. Bill, 95 U. S. 10; Gregory v. Pike, 29 Fed. 588.

### STATEMENT OF FACTS.

This cause was remanded a second time to the district court of the Third Judicial District by the Supreme Court of the Territory, April 28th, 1902, under a mandate from the Supreme Court of the United States, by

which court the same had been reversed and remanded for the second time, for further proceedings therein.

On the 7th day of April, 1903, and during a regular term of said court, the appellee applied for and obtained leave to file a supplemental complaint, and upon the same day filed the same. The record shows that upon the same day, the supplemental complaint was filed the same was served upon Mr. A. B. Fall, Esq., one of the attorneys of record of the appellants.

On the 21st day of May, and forty-four days after the supplemental complaint was filed and served upon appellant's counsel, no answer or other pleading being filed, the court rendered the following decree of forfeiture and injunction, in favor of the appellee:

"This cause coming on to be heard upon the motion of the plaintiff, by the United States Attorney W. B. Childers, Esq., and it appearing to the court that a supplemental bill was filed herein, by its leave, on the seventh day of April, A. D., 1903, and that copies of the said bill were served more than thirty days past upon the attorney of record of the defendants in said cause and it further appearing from the certificate of the clerk of the said court that no demurrer, answer or other pleading has been filed to said supplemental bill by the defendants in said cause, and the court being fully informed in the premises, the court does find that the allegations of said supplemental bill are confessed and are true; and further specially finds that the articles of incorporation and the map, survey of the reservoir of the defendant corporation, the Rio Grande Dam and Irrigation Company, were filed with the Secretary of the Interior prior to the twenty-sixth day of June, A. D., 1897, and were prior to said date approved by the Secetary of the Interior; and it further finds that the said defendants have not completed its said reservoir or said ditch, or any section thereof, within five years after the location of the said reservoir and its said ditch line, or within five years after the approval of the same by the Secretary of the Interior, and the court further finds that five years since the filing and approval of the said articles of incorporation, proof of organization, maps and surveys of the said reservoir and ditch line of the

defendants had long since lapsed prior to the filing of the said supplemental bill and that the defendants had not complied with the requirements of the Act of Congress, approved March 3, 1901, under which the same were filed but has failed to construct or complete within the period of five years after the location of the said canal and reservoir any part or section of the same.

"Wherefore, it is ordered, adjudged and decreed by the court that the rights of the said defendants, or either of them, to construct and complete, the said reservoir and said ditch, or any part thereof, under and by virtue of the said Act of Congress of March 3, 1901, be and the same are hereby declared to be forfeited.

"It is further ordered, adjudged and decreed by the court by reason of the premises that an injunction be, and the same is hereby granted against the said defendants, enjoining them from constructing or attempting to construct the said reservoir, or any part thereof, and that the same be made perpetual."

An error having been made in the decree as to the date of the approval of the Act of Congress, in that it was given as "1901" whereas it should have been 1891, an amended decree was entered *nunc pro tunc* inserting 1891 instead of 1901, that said decree should conform to the allegation of the supplemental complaint.

The original decree, thus amended, was re-entered at length on the 5th day of October, 1903, during a regular term of said court, no appearance or action of any kind having been taken by appellants up to this time.

On the 31st day of October, 1903, a motion was filed, by counsel for appellants, Messrs. Klock & Owen, to vacate and set aside the order of April 7th, 1903, allowing the supplemental complaint to be filed; to open the default; to vacate and set aside the decree and amended decree of the court, and for permission to file answer which was tendered with said motion.

Long affidavits of Nathan E. Boyd and Allen Wood Ellington, stockholders of appellant corporation were filed in support of the motion. The answer which was also verified raises substantially the same issues sought to be raised by the motion and denies appellees right to relief

by way of supplemental complaint for reasons preserved in the assignments of error. On the 29th day of January, 1904, the court overruled the motion and entered the following order.

"This cause coming on to be heard upon the motion of the defendants, The Rio Grande Dam and Irrigation Company, Limited, to vacate and set aside the order entered in this cause on the 7th day of April, A. D., 1903, at Las Cruces, Dona Ana County, New Mexico, granting to the plaintiff herein the privilege and right to file a supplemental bill of complaint in this cause and praying leave of the court to oppose said motion for leave to file said supplemental bill of complaint and permit the defendants to have a hearing thereon, and that the order granting to the plaintiff herein the privilege and right to file said supplemental bill of complaint be vacated and set aside upon the ground that the court had no power to permit the plaintiff to file said supplemental bill of complaint and praying that the decree entered in this cause upon the default of the defendant in answering the said supplemental bill of complaint be vacated and set aside and declared to be of no effect and that the amended decree in this cause filed in this court on the 5th day of October, 1903, upon said plaintiff's application be vacated and set aside and held of no effect, said decree having been granted upon defendant's default to answer said supplemental bill of complaint and that the defendants herein should this court determine not to relieve said defendants from that default upon said motion of plaintiff or file said supplemental bill of complaint, be permitted to come in and answer said bill of complaint and present their issues on the merits of said supplemental bill of complaint and to relieve the defendants from their default therein and that the defendants have such other and further relief as to this court may seem just and equitable.

"And the court having heard counsel for the plaintiff and defendants and being fully advised in the premises doth find that the motion for leave to file said supplemental bill of complaint was served upon the attorneys of record of the said defendants and that there was no irregularity in the filing of said supplemental bill of com-

plaint, and that it has no power to set aside the decree entered upon said bill at this time upon said application, doth overrule said motion."

## OPINION OF THE COURT.

M'FIE, J.—A large number of errors are assigned but they may fairly be grouped into four, namely:

1st. The court erred in permitting the supplemental complaint to be filed.

2nd. The court erred in rendering decree upon default of appearance and answer within the time allowed by law.

3rd. The court erred in its order modifying original decree *nunc pro tunc*.

4th. The court erred in over-ruling motion to vacate said order and decrees and to reopen said cause for the filing of an answer.

As to the first objection, it would seem to be a sufficient answer that at the time the court granted appellee leave to file the supplemental complaint the court was in session during a regular term. It was not a vacation order, therefore, but one made in open court.

This is a matter of practice and governed by the Code of Civil Procedure. Sub-Section 104 of the Code as amended by Chap. 11, Laws of 1901, provides that

"Any hearing of any kind, whether interlocutory or final, unless trial by jury is necessary, may be had in any case out of regular term time upon five days' notice, in writing to the opposite party, or his attorney or solicitor, but the court or judge may, upon application, for good cause shown, extend the time of hearing. Such hearing may be had during the term of court at any time in the discretion of the court."

Counsel for appellants, insists, that it was error for the court to allow the filing of the supplemental complaint without notice. The section above referred to, provides for notice of five days for hearings in vacation but there is no such requirement as to hearings in open court during a regular term. The record discloses that this cause had

been pending in the court for almost one year, awaiting further proceedings, and M. Boyd in his affidavit admits Mr. A. B. Fall and Mr. W. A. Hawkins were attorneys of record for appellants at the time the supplemental complaint was filed. The record further shows that the supplemental complaint was served upon Mr. Fall on the same day it was filed April 7th, 1903. Attorneys of record are presumed to be present during terms of court wherein their causes are pending, and in contemplation of law chargeable with notice of all proceedings transpiring in open court in causes wherein they are such attorneys. There being no requirement for five days notice, under the facts of this case, counsel are presumed to have been present and to have such notice as the law requires of matters transpiring in open court on the day on which leave was granted to file the supplemental complaint, and the same was filed and served upon them. Youngs v. Broxson, 23 Ala., 684; Sanders v. Savage, 63 S. D., 218.

The court was vested with discretion by the last clause of Sec. 104, *supra*. which does not seem to have been abused, nor was there any abuse of the general discretion to allow an amended or supplemental bill in equity conferred upon the courts of the United States as may be seen by reference to the case of Berliner Gramophone Co. v. Seamon, 113 Fed. Rep. 750, in which it was held that:

"The granting of leave to file an amended and supplemental bill is a matter within the discretion of the court, and its action will not be reviewed in an appellate court unless there has been a gross abuse of this discretion."

The second group of errors assigned, relate both to the order allowing the supplemental complaint to be filed and the rendering of the decree and amended decree thereon, and challenges the power of the court to do either, 1st, because the supplemental complaint sets up a cause of action irreconcilable and inconsistent with the cause of action set forth in the original and amended complaints. 2nd, It sets up an independent cause of action which did not exist when the original and amended com-

plaints were filed, 3rd, because the decrees were rendered without service of summons.

That the court has power to allow a supplemental complaint to be filed appears from sub-sections 87 and 89 of the Code which are as follows:

"Sub-Sec. 87. A party may be allowed, on motion, to make a supplemental complaint, answer or reply, alleging facts material to the cause, or praying for any other or different relief, order or judgment."

"Sub-Sec. 89. In every complaint, answer or reply, amendatory or supplemental, the party shall set forth in one entire pleading all matters which, by the rules of pleading, may be set forth in such pleading, and which may be necessary to the proper determination of the action or defense."

It being understood that our Code provides for the blending of legal and equitable remedies and defenses in one action, Sub-Sec. 33, Code, these sections clearly allow the allegation of such facts as will authorize the granting of other and different relief than that sought by the original complaint, the object of course being to end the litigation in a single action.

This court had this subject under consideration in the case of Bremen Min. & Mill Co. v. Bremen, 79 Pac. 806. In that case this court said:

"The only limitation upon the right of amendment to be drawn from a majority of the decided cases is that an entirely new and different cause of action, founded upon facts wholly foreign to the transaction attempted to be set up in the original complaint cannot be set up by amendment." Ency. Pl. & Pr. Vol. 1, 548.

In the present case, the matter set up in the supplemental complaint grows out of and is connected with the same transaction as that alleged in the original and amended complaint. The original complaint alleged that the Rio Grande was a navigable stream, and as such under the jurisdiction of the United States: that the Rio Grande Dam and Irrigation Company, threatened, and were about to commence the construction and maintenance of numerous dams, reservoirs, canals, ditches and pipe lines for the purpose of accumulating large quanti-

ties and possibly all of the waters of the Rio Grande into such reservoirs, canals, ditches and pipe lines to be used in irrigating large tracts of land; that the construction of the large dam at Elephant Butte, will check the flow of the waters of such stream and interfere with or destroy the navigability and commercial value thereof; alleged that the said acts were in violation of certain acts of Congress therein set forth and prayed for injunction restraining the defendant company from proceeding with the construction of its proposed irrigation system. The amended complaint was in the main identical with the original, except in that it made the Rio Grande Irrigation and Land Company, Limited, also a defendant and contained allegations to the effect that the latter company was an English corporation organized as an adjunct and agent of the former company, for the purpose of securing funds for the construction of the irrigation system and that the Rio Grande Dam and Irrigation Company had entered into a contract to convey all of their rights in such system to the latter company. The prayer for injunction is the same, but against both corporations.

An alternative writ of injunction having issued, by order of the court, on the 25th day of May, 1897, on the 25th day of June, the defendant corporation filed joint and separate pleas and answer, denying the navigability of the Rio Grande, denying that the proposed action of the defendant corporation was unlawful and alleging full compliance with the acts of Congress authorizing the construction of such irrigation system, part of which pleas and answer is as follows:

"That such application, map and survey of such dam and reservoir has a long time prior hereto and prior to the filing of the bill of complaint herein been approved by the Secretary of the Interior of the United States, and is yet so approved, and the construction of such dam and reservoir duly authorized under the provisions of an Act of Congress of March 3, 1891, under which said application for such right to construct such dam and reservoir was duly made as aforesaid."

On the 27th day of June, counsel for the defendant corporations, filed a motion to discharge the rule to show

cause and dissolve the injunction upon the pleas, answer, affidavits and correspondence on file. This motion was fully argued and was sustained by the court, the court gave as reasons, that it would take judicial notice that the Rio Grande was not a navigable stream within the Territory of New Mexico and therefore the amended complaint failed to state a case entitling the complainant to the relief sought. The court dissolved the injunction and dismissed the cause.

There was no trial upon the merits in the court below, and when the cause was heard in the Supreme Court of the United States it was held that the lower court erred in dismissing the bill for want of equity, on the sole ground that the Rio Grande was non-navigable in New Mexico, when the navigability of the river outside of the Territory was also within the scope of the bill.

Nor was the second reversal by the Supreme Court of the United States a reversal upon the merits as the court distinctly placed it upon the ground that the United States had not been allowed sufficient time to properly prepare and present its case, and the cause was remanded for that reason. As there has never been a trial upon the merits of the original cause of action, that matter was still before the lower court upon the remanding of the cause, but the matter set up in the supplemental complaint was never before the court until after the case had been remanded for the second time, the mandate therefore could not refer to issues thus raised for the first time so as to prohibit their consideration.

"The circuit court may consider and decide any matters left open by the mandate of this court and its decision of such matters can be reviewed by a new appeal."

In re Sanford Tool Co., 160 U. S., 225; Hinckley v. Morton 103, U. S., 764; Mason v. Pewable Mining Co., 153, U. S. 361.

The supplemental complaint contains a detailed statement of all the proceeding had during the progress of the case and to the pleadings and specifically to the pleas filed by the appellants in which they rely upon the Act of Congress of March 3rd, 1891, as authority for the construction of their irrigation system.

The supplemental complaint further alleges that:

"Plaintiff further alleges that in and by Section 20 of the said act of March 3rd, 1891, above referred to, it was provided 'that if any section of said canal, or ditch, shall not be completed within five years after the location of said section, the rights herein granted shall be forfeited as to any uncompleted section of said canal, ditch or reservoir, to the extent that the same is not completed at the date of forfeiture,' and that although five years since the filing and approval of said articles of incorporation, proofs of organization, maps and surveys have long since elapsed, defendant has not complied with the requirements of said act, but has failed to construct or complete within the period of five years after the location of said canal and reservoir any part or section of the same, and the same has by reasons thereof become forfeited."

It is further alleged in the supplemental complaint that the temporary injunction was dissolved on the 30th day of June, 1897, and that the appellants were in "no wise hindered, restrained or prevented from complying with the provisions of the act, by any judicial order or process whatsoever."

The prayer is for forfeiture of all the rights the appellants may have or claim under said act of Congress of March 3rd, 1891, and for injunction and all other relief prayed for in the amended complaint.

Under this state of the record, the objection that the supplemental complaint sets up a cause of action irreconcilable and inconsistent with the amended complaint is not well taken. Indeed the prayer of the supplemental complaint is for the identical relief prayed for in the amended complaint. It is true that a forfeiture of the right of appellants to construct their irrigation system, is also prayed for but this only amounts to an additional reason why an injunction should be granted. The purpose of this entire litigation has been to restrain appellants from constructing the dams, reservoirs, canals, ditches, etc., for the diversion of the waters of the Rio Grande and the obstruction of the alleged navigable portion of said river.

The supplemental complaint is entirely consistent and reconcilable with this purpose.

The next objection to the filing of the supplemental complaint and the decree rendered thereon, that it sets up an entirely independent cause of action—is equally untenable. The plea of the appellants, above referred to, relies upon the Act of Congress of March 3rd, 1891, as the bases of all rights claimed by appellants. The forfeiture sought by the supplemenal complaint is provided for in the same act. The supplemental complaint, therefore, is directly responsive to this defense and clearly grows out of the same transaction or subject matter of the litigation.

The third objection is; that the supplemental complaint sets up a cause of action which did not exist at the time the suit was brought. This is true, but a supplemental complaint seems to be the proper method of bringing such a cause of action before the court. Such seems to be the office of a supplemental complaint.

The case of Jenkins v. International Bank, 127, U. S., 484, is a case wherein a judgment was pleaded in aid of the plaintiffs, which had been rendered after the commencement of the original suit. The court said:

"Having been rendered after institution of the present suit, it was competent for the complainant to bring it forward by a supplemental bill as conclusive evidence of the amount due for which it was entitled to take a decree, and as a complete answer to the defense set up by the plaintiff in error as the assignee of the bankrupt to the relief prayed. for in the original bill, and to the relief sought by the cross bill. It was strictly new matter arising after the filing of the bill, properly set up but was a supplemental bill, in support of the relief originally prayed for. It can in no sense be considered as a new cause of action.

In Cedar Valley Land and Cattle Co. v. Coburn, 29 Fed. 587, the court said:

"Now it is insisted that if any thing had transpired since the filing of the original bills and cross bills, changing and affecting the issues, such new matters should have been presented by supplemental bill. I think counsel are right and that such is the true practice."

Cooper v. Filsher, 1 Bond, 440; N. Y. Security & Tr. Co. v. Lincoln St. Ry. Co. 74 Fed. 6; Hazleton Tripod Borter Co. v. Citizen's St. Ry. Co. 72 Fed. 325; Maryland v. Green, 30 Fed. Rep. 645.

In Chandler v. Pettit, 19 American Dec. and note cited by appellants, it is held that a supplemental bill may be filed where the original bill states a cause of action. Tested by this rule, there was a clear right to file the supplemental complaint, as the Supreme Court of the United States in effect held when it reversed the lower court's ruling that the amended bill did not state a cause of action.

The authorities above referred to are deemed sufficient to show that all of the objections to the order allowing the supplemental complaint to be filed and to the rendition of the decree thereon, must be overruled.

It is further insisted by counsel for appellants, that the court had no jurisdiction of the parties or the subject matter and therefore no power to render a decree.

As the court undoubtedly had jurisdiction both of the parties and the subject matter of the action throughout the prior proceedings, the court did not lose either by the remanding of the cause. The filing of the supplemental complaint, under the circumstances of this case "can in no sense be considered new cause of action." Jenkins v. International Bank, supra, it was not necessary for new process to issue and that there be service of the same. It was filed in open court and a copy was served upon one of the attorneys of record on the 7th day of April, 1903, and this was sufficient. No appearance having been entered and no answer or other pleading filed, a decree was rendered on the 21st day of May, 1903, declaring a forfeiture of all the right of the appellants to construct or complete the proposed irrigation system or any part thereof, and granting a perpetual injunction. At the next regular term of the court there still being no appearance or pleading on behalf of the appellants it appearing that there had been a clerical mistake made in the original decree, in that the date of the

Act of Congress was given as 1901, when it should have been 1891, the court ordered that the decree be modified so as to correct what was evidently a purely clerical error, as the supplemental complaint gave the date as 1891 and the decree thus modified was re-entered in full. There was no error in this action of the court as our Code authorizes such action. Sub-Sec. 85, Code.

On the 31st day of October, 1903, Messrs. Klock & Owen, attorneys for appellants, filed a motion to set aside and vacate the order allowing supplemental complaint to be filed and the decree rendered, and that they be allowed to file an answer, which was tendered with the motion, and to make defense to the action. This motion was overruled upon the ground that there was no irregularity in the proceedings and that the court was not warranted in vacating the order and decree.

Appellants assign error in this ruling.

There being no error or irregularity in the court's order allowing the supplemental complaint to be filed, the same having been done in open court, and a copy of the same having been served upon one of the attorneys of record on the same day on which it was filed, the statute required an answer or other proper pleading to be filed within twenty days from the date of such filing and in the event of failure to plead or secure additional time to plead, neither of which were done in this case, it was perfectly regular for the court to render decree. Gregory v. Pike, 29 Fed. 588. Appellants seek to be relieved from their own default by alleging neglect on the part of their attorneys. Mr. Boyd in his affidavit admits that Mr. Fall was at the time, one of the attorneys of record of appellants. Mr. Boyd does not deny that a copy of the supplemental complaint was served upon Mr. Fall nor does he state when the document was received by him. He states "that after the 7th day of April, 1903, the deponent while at Philadelphia, Pa., received from J. H. Mc-Gowan by mail what purported to be a proposed supplemental bill of complaint in behalf of complainant." Mr. McGowan was also an attorney of the appellant.

Mr. Boyd further admits that he had actual notice that the decree had been rendered October 19th, 1903. More

than ten days having elapsed after this notice before this motion was filed and long after the decree was rendered, it could not be entertained under Sub-Sec. 134 of the Code which provides that a motion to set aside a judgment rendered out of term time will not be entertained unless the same is filed and a copy served upon the opposite party within ten days after such finding or judgment was rendered. The motion, therefore, must be made under Sub-Sec. 137 of the Code 'which provides that "Judgments may be set aside for irregularity, on motion filed at any time within one year after the rendition thereof."

As has been pointed out there was no irregularity in the rendition of this judgment.

Notice to an attorney of record is notice to client, 3 Am. & Eng. Ency. of Law, 2nd Ed., 323. The client cannot plead negligence of his attorneys as grounds of relief 3 A. & E. Ency. of Law, 2nd Ed. 324; Putnam v. Day, 22 Wall, 64; Terry v. Commercial Bank, 92, U. S., 454.

There being service of a copy of the supplemental complaint upon one of the attorneys of record on the day on which it was filed it was entirely regular for the court to render the decree when applied for 44 days after such service, in the absence of any appearance or pleading by the appellants. It is immaterial whether Mr. Boyd had notice or not as he was not a party to the suit except as a director of the corporations or other officer thereof, but the appellant corporations were the parties to the suit and they were represented by attorneys of record upon whom service was made. It is but fair to, Mr. Fall to presume from Mr. Boyd's affidavit, that he did forward the copy of the supplemental complaint served upon him to his co-counsel Mr. McGowan as soon as the same was delivered to him, as the affidavit says it was not received until after April 7th, 1903, this being the same date on which the same was served upon Mr. Fall. However that may be, the court below distinctly found that no irregularity had intervened in the rendition of the decree and over-ruled the motion for that reason, and we see no error in the action of the court.

From the views above expressed, it is apparent that

El Capitan L. & C. Co. v. Lees.

it is not necessary to consider the answer tendered with the motion, and the filing of the same was refused for the same reason that justified the over-ruling of the motion.

Appellant insists that they were restrained from constructing their irrigation system by the United States, and therefore no right of forfeiture existed but the record before us shows, that the injunction originally granted was dissolved July 30th, 1897, and was never reinstated. The injunction granted upon the declaration of forfeiture, was more than five years after the dissolution of the former injunction, this contention therefore does not appear to be well founded.

There being no error presented by the record in the case, the judgment of the court below will be affirmed. It is so ordered.

William J. Mills, C. J., William H. Pope, A. J., Edward A. Mann, A. J., Ira A. Abbott, A. J., concur.

Parker, A. J., having heard the case below did not participate in this decision.